No. 21183.

DENVER GRAVEL & CONCRETE CO., A COLORADO CORPORATION
*v.* EDWARD BOYLE AND CLAIRE M. BOYLE.
(420 P.2d 829)

Decided December 12, 1966

Robert L. McDougal, for plaintiff in error.

Fleming & Pattridge, Osmer E. Smith, James D. Childress, for defendants in error.

*In Department.*

Opinion by Mr. Justice McWilliams.

Edward and Claire Boyle filed a complaint in foreclosure against the Denver Gravel and Concrete Co., hereinafter referred to as the Denver Co., wherein they alleged that the Denver Co. was in default on a certain promissory note which it had theretofore executed and delivered to them. In connection therewith the Boyles prayed for judgment in the principal amount of $39,000, together with all interest, costs and attorney's fees as provided for in the aforementioned promissory note. Additionally, the Boyles also sought to foreclose on a certain chattel mortgage given by the Denver Co. to the Boyles as security for the repayment of the note.

By answer the Denver Co., in effect, alleged payment in full by it of the note in question. More particularly, the Denver Co. alleged that it and the Boyles entered into an oral agreement whereby the Boyles agreed to cancel the note and release the chattel mortgage in return for 40,000 shares of common stock of the Denver Co. It was further alleged that there was such a partial performance of this oral contract as would take the agreement out from under the statute of frauds. The Denver Co. asserted a counterclaim against the Boyles

for some $80,000, claiming damages in that amount as a result of the Boyles breach of the aforementioned oral contract by the parties. By reply the Boyles denied the existence of any such oral agreement between themselves and the Denver Co.

Upon trial of this matter the trial court, sitting as the trier of the facts, specifically found that there was not any oral agreement between the parties to the effect that the Boyles would surrender their note and release the chattel mortgage in exchange for 40,000 shares of common stock in the Denver Co. Accordingly, the trial court entered judgment for the Boyles and against the Denver Co. in the sum of $39,000, together with costs and interests at the statutory rate, and allowed attorney's fees in the additional sum of $5,500. Also, the trial court ordered that the property described in the chattel mortgage be sold and the proceeds of such sale used to satisfy the judgment thus entered. By writ of error the Denver Co. now seeks a reversal of the judgment thus entered.

■ The Denver Co. initially requested that the issues framed by the complaint and answer and counterclaim, and the reply thereto, be tried to a jury. Upon motion, this request was denied, the trial court ruling that because the nature of the complaint was essentially equitable in nature, namely, a complaint in foreclosure, there existed no right to trial by jury. In so holding, the trial court committed no error. *Miller v. District Court*, 154 Colo. 125, 388 P.2d 763. In our view the *Miller* case is controlling.

■■ It is next urged by the Denver Co. that the trial court's finding that there was no agreement by the Boyles to cancel the note and release the chattel mortgage was erroneous, as a matter of law. We do not so view the matter. The Boyles denied the existence of any such agreement. Certain officers of the Denver Concrete Co. testified that there was such an understanding. There was nothing in written form to indi-

cate the existence of the alleged agreement. Furthermore, the Boyles never did surrender their note to the Denver Co. nor did the latter deliver any stock to the Boyles. It was only after the litigation was instituted, that the Denver Co. for the first time offered to tender the stock into the registry of the trial court. Suffice it to say, our review of the record convinces us that this is but another instance where upon conflicting evidence the trial court has determined the facts. There being evidence to support the trial court's findings of fact, we are not at liberty to disturb the findings as thus made by the fact-finding body, namely the trial court. *Andersen-Randolph Co., Inc. v. Taylor*, 146 Colo. 170, 361 P.2d 142.

■ It is agreed by both the Boyles and the Denver Co. that the trial court erred in entering judgment in the principal sum of $39,000. The Boyles both testified that as of the date of trial the principal sum still due and owing them was only $37,000. This portion of the judgment must therefore be modified and reduced to the sum of $37,000.

■ The Denver Co. also complains about that portion of the judgment which allowed the Boyles attorney's fees in the sum of $5,500, and entered judgment against the Denver Co. in that amount. In our view, on the state of the record before it, this particular action of the trial court was clearly erroneous.

When the Boyles rested their case in chief, counsel advised the trial court that they reserved the right to introduce at a later time evidence as to just what would constitute reasonable attorney's fees. It should be noted that the note and chattel mortgage did provide for the payment of "reasonable" attorney's fees incurred in connection with the collection by the Boyles of the monies due them under the note. No evidence bearing upon this issue of "reasonable" attorney's fees was thereafter offered. But at the conclusion of the trial, as already noted, the trial court without explanation allowed attorney's fees in the amount of $5,500.

■ In *Rock Wool Insulating Company v. Huston,* 141 Colo. 13, 346 P.2d 576, we held that in an action on a promissory note providing for attorney's fees, the plaintiff is entitled to recover only upon a showing that such fees have been paid, or incurred, and that they are reasonable. No such showing having been made in the instant case, the portion of this judgment allowing the Boyles attorney's fees in the amount of $5,500 cannot stand. In this regard, however, at a further hearing into this particular matter Boyles should nonetheless be permitted the opportunity to put on such evidence as they may care to adduce bearing upon the issue of reasonable attorney's fees.

That part of the judgment which is in favor of the plaintiffs and against the defendant in the amount of $39,000, together with costs and interest is modified to read $37,000, together with costs and interests, and this part of the judgment as thus modified is affirmed.

That part of the judgment which is in favor of the plaintiffs and against the defendant in the additional sum of $5,500 as attorney's fees is reversed and remanded with direction that the trial court hold a further hearing into the matter of reasonable attorney's fees.

MR. JUSTICE FRANTZ and MR. JUSTICE SCHAUER concur.