476 P.2d 292 (1970)
Joe LUBY, Morton I. Fisher, and Arthur L. Sigman, Plaintiffs in Error,
v.
JEFFERSON COUNTY BANK OF LAKEWOOD, a Colorado corporation, Defendant in Error.
No. 70-227, (Supreme Court No. 23379.)
Colorado Court of Appeals, Division I.
August 18, 1970.
Rehearing Denied September 15, 1970.
Certiorari Denied November 23, 1970.
Irving J. Hayutin, John M. Evans, Denver, for plaintiffs in error.
Winner, Berge, Martin & Camfield, James A. Clark, Denver, Holley, Boatright & Villano, Wheat Ridge, for defendant in error.
Selected for Official Publication.
DWYER, Judge.
This case was originally filed in the Supreme Court of the State of Colorado, and *293 was subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
The judgment here for review was recovered by the Jefferson County Bank of Lakewood in a suit on a promissory note. Of the defendants named in the suit, I. B. Sunshine and Robert Sunshine, individually, and doing business as Viking Equipment Company did not defend, and the remaining defendants, Joe Luby, Morton I. Fisher and Arthur L. Sigman, seek reversal of the adverse judgment.
The promissory note involved was dated May 27, 1960, in the principal amount of $75,000, payable to the order of the Bank, and purportedly signed by all defendants. It was delivered to the Bank by Robert Sunshine, and the proceeds of the loan which the Bank paid on delivery of the note were deposited to the account of Viking Oil Company.
In a prior action between these parties, the Bank recovered judgment against the defendants on a promissory note dated August 27, 1960, which note was a renewal note for the balance due on the May 27th note. However, this judgment was vacated by the Colorado Supreme Court (Luby v. Jefferson County Bank, 154 Colo. 160, 389 P.2d 190), when counsel for the Bank and the defendants advised the court that the signatures of Luby, Sigman and Fisher were forgeries. Thereafter, the Bank brought this action on the note of May 27, 1960.
In their answer, the defendants denied signing the note of May 27, 1960, and alleged that there was an absence or failure of consideration for the note. These issues were submitted to a jury which returned a general verdict in the amount of the unpaid principal balance of $64,000 in favor of the Bank. In answer to special interrogatories, the jury found that each of the defendants had signed the note of May 27, 1960. Subsequently, the court held a hearing on the question of attorneys' fees for the Bank's attorneys. The court fixed these fees in the amount of $10,000. This sum, together with the interest as computed by the court, was added to the amount found by the jury to be the balance due on principal, and judgment was entered accordingly.
Defendant's first assignment of error is that there was no consideration for the note. The note purports to be signed by Viking Equipment Company and by the defendants individually. The jury found, on the basis of disputed testimony, including that of experts, that the signatures were those of the defendants. Viking Equipment Company was a joint venture in which the defendants and Robert Sunshine were interested. Robert Sunshine took the note to the Bank for the loan closing transaction. The Bank deposited the proceeds in the account of Viking Oil Company, a corporation with which defendants had no connection. Defendants contend that they received no benefit from the transaction and the note was therefore without consideration. The Bank contends that the deposit to the account of Viking Oil Company was at the direction of Robert Sunshine, a partner of the defendants, who had been authorized by defendants to handle the affairs of the joint venture, and the Bank's payment of the $75,000 to the account of Viking Oil Company under these circumstances is sufficient consideration for the note.
The Negotiable Instruments Law, C.R.S.1963, 95-1-24, in effect at the time of this transaction, provide:
"Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value."
The Law further provided in C.R.S.1963, 95-1-28 that absence or failure of consideration is an affirmative defense. Citing these sections, the Colorado Supreme Court, in Hickman-Lunbeck Grocery Co. v. Hager, 75 Colo. 554, 227 P. 829, held that since a note is prima facie presumed to be based on a valuable consideration and that one whose signature is placed thereon *294 is presumed to have become a party for value, the maker, when sued by the payee, must overcome the presumption by showing, as an affirmative defense, that there was an absence or failure of consideration. The Bank established a prima facie case against the defendants and the court properly submitted the case to the jury.
The defendants argue that there was no consideration because they received no benefit from the transaction. The Supreme Court in Western Federal Savings & Loan Ass'n. v. National Homes Corp., Colo., 445 P.2d 892, defines consideration as follows:
"A benefit to the promisor or a detriment to the promisee can constitute consideration, however slight."
Gertner v. Limon National Bank, 82 Colo. 13, 257 P. 247; Dyer v. McPhee, 6 Colo. 174. Here, the Bank suffered detriment when it paid out $75,000 of its money. The fact that the proceeds of the loan went to a co-maker of the note or to his designee does not constitute a lack or failure of consideration. See Bloom v. Pioneer State Bank, 75 Colo. 28, 223 P. 750. There, in a suit on a promissory note, one of the defendants alleged as a defense lack or failure of consideration in that he received nothing of value on the note. The court held that this did not constitute a defense because the consideration may have been received by his co-makers.
Courts in other jurisdictions have held that a single consideration which moves to any one of two or more co-makers of a note will be adequate or sufficient to support the undertaking of them all. Will v. Trumpelman, 171 S.W.2d 732 (Mo. App.); Williams v. Long, 106 S.W.2d 378 (Tex.Civ.App.).
The cases of Knuppel v. Moreland, 148 Colo. 242, 366 P.2d 136; Robbins v. Passaic National Bank & Trust Co., 109 N.J.L. 250, 160 A. 418; Scottsbluff National Bank v. Blue J. Feeds, Inc., 156 Neb. 65, 54 N.W.2d 392, relied upon by defendants, are distinguishable, and do not support defendants contention that there was no consideration for their note.
Defendants contend that the proceedings in which the trial court allowed the Bank to recover attorneys' fees as part of the judgment was irregular and in error. The trial court did not submit the question of attorneys' fees to the jury. After the jury returned its verdict in favor of the Bank, the court held a hearing on this issue. Expert testimony as to the reasonableness of the fees was presented. The Bank presented testimony that the fees had actually been incurred and had been paid.
Where a note provides for an attorney's fee, and the holder of the note employs counsel, who successfully brings suit on the note, a reasonable fee fixed by the court may be included in the judgment. See Denver Lumber & Manufacturing Co. v. Capitol Life Insurance Co., 96 Colo. 21, 39 P.2d 1036. The provision amounts to an agreement to indemnify the holder of the note against expenses actually incurred, and the payment or obligation must be actual, bona fide and reasonable. Florence Oil & Refining Co. v. Hiawatha Gas, Oil & Refining Co., 55 Colo. 378, 135 P. 454.
The defendants contend that the Bank should have been required to offer proof concerning the attorney's fees during the course of the trial, and that the court improperly determined this issue at a subsequent hearing. The case of Denver Gravel & Concrete Co. v. Boyle, 161 Colo. 206, 420 P.2d 829, is in point. In that case, the trial court entered judgment for the balance due on a note and allowed attorney's fees. On appeal, the court reversed that portion of the judgment allowing attorney's fees because no evidence had been presented at the trial upon the issue of attorney's fees. However, the case was remanded with directions that the trial court hold a further hearing into the matter of reasonable attorney's fees. The decision in Denver Gravel & Concrete Co. v. Boyle, supra, is authority for the procedure followed by the trial court in the instant case.
*295 The defendants assert that a number of irregularities occurred during the proceedings which prevented defendants from having a fair and impartial trial. An examination of the record discloses no reversible error with respect to such claim of irregularity.
Judgment is affirmed.
SILVERSTEIN, C. J., and ENOCH, J., concur.