Argued January 31, reversed March 12, 1973

FISHER, *Respondent, v.* CONSOLIDATED
FREIGHTWAYS, INC. (No. 380 417),
*Appellant.*
507 P2d 53

*J. Laurence Cable,* Portland, argued the cause for appellant. With him on the briefs were Souther, Spaulding, Kinsey, Williamson & Schwabe and Michael D. Hoffman and Robert E. Joseph, Jr., Portland.

*Donald R. Wilson,* Portland, argued the cause for respondent. With him on the brief were Pozzi, Wilson & Atchison and Elden M. Rosenthal, Portland.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

FOLEY, J.

On August 12, 1970 claimant suffered a strain in the dorsal area of his back while lifting. The claim was closed on November 13, 1970 by a Determination Order granting claimant temporary total disability benefits from the date of injury to September 14, 1970, and making no award for permanent partial disability. Between September 14, 1970 and July 13, 1971 claim-

ant had occasional pains in his back which he testified appeared to be in the same area as that injured in the original injury. On July 13, 1971 claimant consulted Dr. Arthur Eckhardt concerning these pains. Dr. Eckhardt advised rest and continuation of the use of muscle relaxants, heat, and massage at home.

On August 11, 1971 claimant requested a hearing by the Workmen's Compensation Board. Claimant asserted that his then-existing back pains were caused by the August 12, 1970 injury, and that he was entitled to further medical care and treatment and additional compensation for that injury.

At the hearing claimant testified to the fact that he had been having pain and that the pain appeared to him to be in the same area of his back as that which was injured in the original injury. However, claimant produced no expert medical testimony to show a causal relationship between the original injury and the then-existing symptoms. Claimant testified that the occasional "flare-ups" of back pain were a source of discomfort to him. However, it does not appear from the testimony that the pain was disabling in any way.

The hearing officer concluded that claimant had not shown either (1) that there was a causal connection between the injury of August 12, 1970 and the medical treatment which claimant obtained in July 1971; or (2) that his back pain was disabling. Claimant's request for further benefits was therefore denied. The hearing officer's order was affirmed by the Workmen's Compensation Board, but the circuit court reversed. The employer appeals from the order of the circuit court.

■ We have reviewed the record in this case *de novo. Hannan v. Good Samaritan Hosp.*, 4 Or App 178, 471

P2d 831, 476 P2d 931 (1970), Sup Ct *review denied* (1971). On the issue of causation, we agree with the hearing officer and the Board that claimant did not carry his burden.

■ The general rule is that causal connection must be shown by expert medical testimony. *Cf. Lemons v. Compensation Department,* 2 Or App 128, 467 P2d 128 (1970). This was not an "uncomplicated situation" such as those contemplated by *Uris v. Compensation Department,* 247 Or 420, 426, 427 P2d 753, 430 P2d 861 (1967), where expert medical testimony would not be necessary to establish causation. In this case the exhibits (which were the only medical evidence) indicated that the treating doctor was unable to diagnose a causal connection between the original injury and the later pain. In order to controvert the contents of those exhibits, and also in order to affirmatively establish his claim, it was incumbent upon claimant to produce expert medical testimony on the issue of causation.

■■ Even assuming that claimant had been able to show a causal relationship between the injury and the subsequent pain in this case, it was also essential that he establish that this pain disabled him to some degree. Pain and discomfort are not compensable unless such pain is disabling. *Wilson v. State Ind. Acc. Comm.,* 189 Or 114, 219 P2d 138 (1950); *Lindeman v. State Indus. Acc. Comm.,* 183 Or 245, 192 P2d 732 (1948). On this issue, too, we agree with the hearing officer and the Board that the evidence does not show that the pain experienced by claimant disabled him in any way. Indeed, the sparse evidence on this issue supports a contrary finding.

Reversed.