Argued November 19, reversed December 13, 1976, reconsideration denied January 5, petition for review denied February 1, 1977

RITZ, *Respondent,*
*v.*
## STATE ACCIDENT INSURANCE FUND,
*Appellant.*
(No. 76-2747, CA 6718)

557 P2d 50

Argued and submitted November 19, 1976.

*Kevin L. Mannix,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*David W. Hittle,* Salem, argued the cause for respondent. With him on the brief were Dye & Olson and Rolf Olson, Salem.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

TANZER, J.

## TANZER, J.

This is a workmen's compensation appeal by the State Accident Insurance Fund from a circuit court finding of permanent total disability. The referee had also so found, however the Workmen's Compensation Board had reversed the referee and reinstated an award of 30 degrees for 20 percent loss of use of claimant's right leg. The Fund concedes the partial disability to the leg and prays that the order of the Board be reinstated.

Claimant, when injured, was a 44-year-old timber faller and bucker. In January, 1973, in the course of his work, he received a blow to his right knee. He lost no work time, but he continued to have discomfort in the knee. In December, 1973, again in the course of work, he suffered a more severe injury to his right knee. Surgery was performed to correct a tear in the cartilage about the knee joint. Six weeks after surgery, claimant returned to work, but he was unable to continue on the job because of pain in the joints of both knees, both feet, both wrists and all fingers, caused by rheumatoid arthritis.

Causation is the issue. The award below is based upon a finding that the industrial injury was a substantial cause of the general rheumatoid arthritic condition. That factual issue requires an evaluation of the credibility of the contradictory evidence of two physicians.

Dr. W. J. McHolick, an orthopedic surgeon, was claimant's treating physician. He reports that claimant's arthritic condition had preexisted for "a number of years" without requiring treatment, that it was "totally unrelated to the industrial injury," and that the knee injury had healed following surgery.

Dr. Robert E. Rinehart, a specialist in treatment of rheumatoid arthritis, examined claimant in June, 1975, a year-and-a-half after the second injury. His report and testimony indicate that there is growing

medical recognition that chronic muscle stress and fatigue can cause rheumatoid arthritis, although he also acknowledges a "considerable disagreement" among physicians as to the nature and degree of stress required to generate arthritis. He disputes Dr. McHolick's observation of preexisting arthritis. Instead, he concludes that the chronic stress on the knee, beginning with the January, 1973, injury, "initiated" the arthritic condition. The more severe knee injury of December, 1973, he concludes, was an acute stress which aggravated the preexisting non-symptomatic arthritis throughout the body in an "explosive" manner.

■   The claimant has the burden of proving that the industrial injury to one part of the body is also the cause of the disabling condition of other parts of the body, *Fisher v. Consolidated Freightways,* 12 Or App 417, 507 P2d 53 (1973), or, in this case, that the injury to the knee was a cause of the arthritic condition of the other knee and leg, both wrists and all fingers.

■   In light of the general and speculative nature of Dr. Rinehart's conclusions, and of the contradictory evidence given by claimant's treating physician, Dr. McHolick, we find that the claimant has not established by a preponderance of evidence a causal relationship between the blow to claimant's knee and the arthritic condition in the rest of his body. Based upon the concession by the Fund, we find in accordance with the Board's order that claimant has suffered permanent partial disability of 30 degrees loss of use of claimant's right leg.

Reversed.