Argued January 21, reversed February 14, 1977

WILSON, *Respondent,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Appellant.*
(No. 76-3672, CA 7020)
560 P2d 289

Kevin L. Mannix, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

John Svoboda, Springfield, argued the cause for respondent. With him on the brief was Lively & Wiswall, Springfield.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

In this workmen's compensation case, insurer appeals the court's order holding that claimant, a tax consultant, had suffered a compensable injury. On the dispositive issue the court adopted the finding of the referee, which had been rejected by the Workmen's Compensation Board. That issue is whether claimant's illness, an abdominal disorder, was caused by his employment.

Three doctors examined or treated claimant for the abdominal illness. One, Dr. Parcher, who examined claimant on behalf of insurer, responded when asked whether claimant's injury was work related:

> "No—he has [a] history of several prior episodes. This apparently is a case of hyper irritable bowel, spastic colitis, etc."

Claimant, who was 41 years of age at the time of the hearing, admitted that he has had similar symptoms to those constituting the basis of his claim since the age of 15. Neither of the other two physicians formed any conclusion as to whether claimant's illness was work related. Dr. Byerly, who first treated claimant for the illness, made the following diagnosis:

> "Probable functional colitis, rule out ulcerative colitis or bacterial causes for enteritis."

Dr. Baker, who apparently examined claimant at Dr. Byerly's request, concluded:

> "Abdominal pain of undetermined etiology, irritable bowel syndrome suspected."

There is *no* medical evidence indicating that claimant's abdominal disorder was caused or materially contributed to by his work.

In cases such as this, a causal connection between a claimant's condition and his employment must be shown by competent expert medical evidence:[1]

---

[1] Medical evidence is not always required:

"In the compensation cases holding medical testimony unnecessary

" "* * * [W]here injuries complained of are of such character as to require skilled and professional persons to determine the cause and extent thereof, the question is one of science and must necessarily be determined by testimony of skilled, professional persons. * * *' " *Larson v. State Ind. Acc. Com.,* 209 Or 389, 399, 307 P2d 314 (1957), *quoting Spivey v. Atteberry,* 205 Okla 493, 238 P2d 814, 27 ALR2d 1259 (1951). *See also Uris v. Compensation Department,* 247 Or 420, 427 P2d 753, 430 P2d 861 (1967); *Fisher v. Consolidated Freightways,* 12 Or App 417, 507 P2d 53 (1973).

We conclude, as did the Board, that:

"* * * claimant has failed to carry his burden of proof in this case. In fact, the preponderance of the medical evidence establishes that claimant's abdominal pain did not arise out of his employment."

Reversed.

---

to make a prima facie case of causation, the distinguishing features are an uncomplicated situation, the immediate appearance of symptoms, the prompt reporting of the occurrence by the workman to his superior and consultation with a physician, and the fact that the plaintiff was theretofore in good health and free from any disability of the kind involved. * * *" *Uris v. Compensation Department,* 247 Or 420, 426, 427 P2d 753, 430 P2d 861 (1967).