165 Ga. App. 1 (1983)
299 S.E.2d 109
BANK OF TENNESSEE
v.
ROCHESTER et al.
64741.
Court of Appeals of Georgia.
Decided January 4, 1983.
W. O'Neal Dettmering, Jr., for appellant.
H. Darrell Greene, for appellees.
SHULMAN, Chief Judge.
Appellant bank sued appellees on a note, a carbon copy of which was introduced at trial, and the jury returned a verdict for appellees. Appellant now seeks reversal of the judgment entered on that verdict.
1. Appellees' motion to dismiss the appeal is denied. The record reveals that the trial court's denial of appellant's motion for judgment notwithstanding the verdict was filed the same day appellant filed its notice of appeal. Thus, the appeal was timely. Code Ann. § 6-803 (a) (OCGA § 5-6-38 (a)).
2. The bank asserts as error the failure of the trial court to direct a verdict or enter a judgment n.o.v. in favor of the bank. Appellant bases its position on the conclusion that it was a holder in due course against whom there was no evidence of a viable defense. See Code Ann. § 109A-3-302 (OCGA § 11-3-302). However, the bank was not a holder in due course under § 109A-3-302 and therefore took the instrument subject to "[a]ll defenses of any party which would be available in an action on a simple contract." Code Ann. § 109A-3-306(b) (OCGA § 11-3-306 (b)). Thus, appellant was subject to the defense of fraud raised by appellees, and neither a directed verdict nor judgment n.o.v. in favor of appellant was in order.
*2 3. Appellant maintains that the trial court erred in charging the jury on fraud when there was no evidence that appellant had perpetrated a fraud on appellees. The possibility of fraud was raised with regard to the actions of Mr. Kreigner, the self-proclaimed guarantor of the note in question, and the arranger of credit. Kreigner's account of his actions in arranging the extension of credit to appellees from appellant belie his assertion that he was not an agent of the bank, and the jury was authorized to impute any fraud perpetrated by Kreigner to the bank. Thus, a jury instruction on fraud was appropriate.
Judgment affirmed. Quillian, P. J., and Carley, J., concur.