**Rogene I. ARMSTRONG, individually, and Rogene I. Armstrong, as Personal Representative of the Estate of J. Robert Armstrong, Deceased, Plaintiffs,**

v.

**Richard C. ARMSTRONG and Jean O. Armstrong, Defendants.**

**Civ. A. No. 86–B–1053.**

United States District Court, D. Colorado.

June 6, 1989.

John J. Keilbach, Preston, Altman, Parlapiano, Keilbach & Lytle, Pueblo, Colo., for plaintiffs.

Robert E. Youle, Sherman & Howard, Brian G. Eberle, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

This matter is before the Court on plaintiff's motion for summary judgment on her first claim seeking recovery on a promissory note (Note). After consideration of the motion, briefs, and oral argument, this Court grants plaintiff's motion for summary judgment.

The case was initially filed in the District Court of Pueblo County, Colorado in April, 1986. It was removed to this Court by defendants with jurisdiction based upon diversity. 28 U.S.C. § 1332.

There is no genuine issue as to the following material facts. Defendant, Richard C. Armstrong (Dick), and J. Robert Armstrong (Bob), deceased, were general partners in a limited partnership known as Bar H Ranch, Ltd (Bar H). In early 1974, Dick and Bob, as general partners, established a line of credit at the Minnequa Bank of Pueblo (the Bank) against which, over the years, Dick and Bob executed many notes. On January 31, 1974, Bob, plaintiff (Bob's wife), Dick and defendant Jean (Dick's wife) executed a continuing guaranty (Guaranty) of the Bar H indebtedness at the Bank. The Note at issue in this case was executed on February 13, 1985 by Dick and Bob as general partners of Bar H with a maturity date of August 19, 1985. Bob died in June, 1985. The Note became due in August 1985, was not paid, and went into default.

In April 1986, plaintiff purchased the Note and Guaranty from the Bank. As of April 1, 1986, the Note had a principal balance due of $112,000.00 together with accrued interest. It is stipulated that plaintiff is a mere holder of the Note rather than a holder in due course because she knew the Note was past due when she purchased it. See § 4–3–302(1)(c), C.R.S. Plaintiff then brought this action against Dick as a co-maker and guarantor and against Jean as a guarantor for payment of the outstanding balance due on the Note.

Defendants admit executing the Note and Guaranty and also admit that they have not paid the Note. Dick asserts, however, that because plaintiff is not a holder in due course, she took the Note subject to various defenses including failure of consideration. Both defendants also assert the defense of failure of consideration of the Guaranty.

Fed.R.Civ.P. 56 provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, or affidavits shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265, 91 L.Ed.2d 265 (1986); *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

### I. Promissory Note

■ First, defendant Dick asserts that he is not liable on the Note individually since he executed the Note as a general partner of Bar H.

In Colorado, a general partner is personally liable for the debts of the partnership. § 7–60–115, C.R.S. (1986 Repl.Vol.3A). Therefore, as a matter of law, defendant Dick is not relieved of liability on the Note because he signed as general partner.

■ Dick's next three defenses concern transactions and agreements between Bob and Dick. These include assertions that Bob told Dick that he (Bob) would be solely responsible for payment of the Note, that Bob fraudulently induced Dick to sign the Note by falsely representing the value of the security, and that the Note was incurred solely to finance Bob's separate cattle operation.

Dick asserts these defenses under § 4–3–306(b), C.R.S. which provides, in pertinent part:

> Unless he has the rights of a holder in due course any person takes the instruments subject to:
> ... (b) All defenses of any party which would be available in an action on a simple contract; ....

Defendants contend that § 4–3–306(b), C.R.S. should be read broadly to include defenses that could be asserted solely as claims between co-makers of a note. I do not agree.

Defendants have not cited and research reveals no authority which applies this Code provision to actions in which the asserted defense was grounded in conduct solely between the co-makers. Rather, the cases construing this Code provision contain allegations of fraud between the original payee or an agent of the payee, and the maker. *E.g. Bank of Tennessee v. Rochester,* 165 Ga.App. 1, 299 S.E.2d 109 (1983) (holder bank subject to defense of fraud where actor agent of bank); *Lindeburg v. Gulfway Nat'l Bk.,* 624 S.W.2d 278 (Tex. Ct.App.1981) (alleged fraud by payee); *W.D. Thompson v. First Nat'l Bk. & Trust Co.,* 142 Ga.App. 174, 235 S.E.2d 582 (1977) (maker alleged fraud by payee); *Thrift Credit Corp. v. American Overseas Trading Corp.,* 387 N.Y.S.2d 930, 54 A.D.2d 994 (1976); *Holly Hill Acres, Ltd. v. Charter Bk. of Gainesville,* 314 So.2d 209 (Fla.1975) (holder subject to defense of alleged fraud between original payee and maker); *Viracola v. Dallas Intn'l Bk.,* 508 S.W.2d 472 (Tex.Ct.App.1974) (fraud is good defense in suit on note between original parties); *Atkinson v. Englewood State Bk.,* 141 Colo. 436, 348 P.2d 702 (Colo.1960) (fraud by original payee alleged by maker).

I hold that the "defenses" available in an action on simple contract pursuant to § 4–3–306(b), C.R.S. are those defenses to the contract between the original payee and the co-makers and not those "defenses" grounded in conduct solely between the co-makers.

In this case, the pleadings and briefs show no involvement by the Bank as original payee in any alleged collateral agreement between the co-makers. There is no evidence that either the Bank or plaintiff was ever aware of any alleged collateral agreement or fraud between the co-makers. The transfer of this instrument vested in plaintiff such rights as the Bank had in it. *See* § 4–3–201, C.R.S. These rights are free from any § 4–3–306(b), C.R.S. "defens-

es" because such "defenses" are based on conduct solely between the co-makers. Therefore, plaintiff is entitled to summary judgment on this issue.

Dick also asserts the defense of failure of consideration because the note proceeds were used to finance Bob's separate cattle operations.

■ Failure of consideration is a defense against any person not having the rights of a holder in due course. §§ 4–3–306(c) and 3–408, C.R.S. However, if one co-maker receives the consideration, the other co-maker may not allege as a defense, lack or failure of consideration. *Luby v. Jefferson County Bk.*, 28 Colo.App. 441, 476 P.2d. 292 (1970).

The Note recites:

"Six months, AFTER DATE, *FOR VALUE RECEIVED,* THE UNDERSIGNED JOINTLY AND SEVERALLY ... PROMISES TO PAY TO THE ORDER...." (capitalized in original) (emphasis added)

Where, as here, there is no genuine dispute that Dick's co-maker Bob received the proceeds of the Note, as a matter of law, there can be no failure of consideration.

Accordingly, as a matter of law, none of defendant Dick's defenses are valid. Therefore, plaintiff is entitled to summary judgment against defendant Dick for the entire balance due on the Note together with accrued interest.

## II. Continuing Guaranty

■ Plaintiff also seeks recovery of the amount due on the Note based on her being the assignee of a continuing guaranty executed by defendants Dick and Jean, plaintiff, and Bob in January 1974. The Guaranty was never revoked or cancelled. Plaintiff, as a co-guarantor, stipulates that defendants Dick and Jean are liable, under the terms of the Guaranty for only 75% of the total balance due. *See Stieben v. Korby,* 533 P.2d 530 (Colo.App.1975).

Where, following execution of guaranty agreement and in reliance upon it, a bank loans funds, the agreement is not unenforceable for failure of consideration. *Farmers Elevator Co. v. First Nat'l Bk. of*

*Fleming,* 30 Colo.App. 34, 488 P.2d 238 (1971).

The Guaranty begins:

"(1) *For valuable consideration,* the undersigned ... jointly and severally unconditionally guarantee and promise to pay...." (emphasis added)

There is no evidence presented to dispute that the Guaranty, which was executed several years before the Note, was relied on by the Bank for several loan transactions including the Note. Therefore, as a matter of law, there can be no failure of consideration for the Guaranty. Consequently, defendants Jean and Dick, in any event, are jointly and severally liable under the Guaranty for 75% of the balance due on the Note.

Accordingly, it is ORDERED that

plaintiff's MOTION for SUMMARY JUDGMENT against defendant Dick is GRANTED for $112,000, the unpaid principal of the Note, together with accrued interest at 13% per annum to the date of judgment;

plaintiff's MOTION for SUMMARY JUDGMENT against defendants Dick and Jean, jointly and severally, is GRANTED for 75% of the amount of the unpaid principal of the Note together with 75% of the accrued interest.

IT IS FURTHER ORDERED that,

plaintiff is awarded attorney fees under the Note and has to and including June 28, 1989 to submit affidavits for attorney fees and costs;

defendants have 10 days thereafter to submit objections to the amount of attorney fees and costs.