**Rogene I. ARMSTRONG, individually, and Rogene I. Armstrong, as Personal Representative of the Estate of J. Robert Armstrong, Deceased, Plaintiffs,**

**v.**

**Richard C. ARMSTRONG and Jean O. Armstrong, Defendants.**

**Civ. A. No. 86–B–1053.**

United States District Court, D. Colo.

Aug. 14, 1990.

John J. Keilbach, Preston, Altman, Parlapiano, Keilbach & Lytle, Pueblo, Colo., for plaintiffs.

Robert E. Youle, & Brian G. Eberle, Sherman & Howard, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Before me is plaintiff's, Rogene I. Armstrong, individually, and as Personal Representative of J. Robert Armstrong's Estate (PR), second motion to dismiss Count III of her complaint and defendant's, Richard C. Armstrong (Dick), counterclaim. For the following reasons, I grant PR's motion.

In my June 6, 1989 Memorandum Opinion and Order, *see Armstrong v. Armstrong*, 714 F.Supp. 451 (D.Colo.1989), I granted summary judgment to PR, disposing of Counts I and II. Pursuant to various stipulations, defendants' First and Second Counterclaims also have been dismissed.

In PR's remaining Count III, she seeks to recover against Dick, on behalf of the Estate, capital contributions owed to the Bar H Ranch cattle partnership operated by Dick and the deceased, J. Robert Armstrong. Dick continually has denied any liability for such contributions. On January 28, 1987, Dick testified in his deposition that in July 1981 he terminated his participation in the cattle partnership. He has asserted that the court should not find that he remained a partner after July 1981 and has counterclaimed to that effect against the estate. His counterclaim states:

[I]f the Court determines that [Dick's] participation in the cattle operation was not terminated in July, 1981 (which [he] claims the court should not) [Dick] seeks in his third counterclaim recovery of one-half of the expenses associated with [the deceased's] running of cattle on the Bar H Ranch ... for his own benefit and for which a proportionate share of operating expenses were not paid to the Bar H Ranch, Ltd. cattle operation. The amount of the expenses to which [Dick] is·entitled will be established at trial, but they significantly exceed the amounts sought by Plaintiffs in their Complaint.

PR contends that because Dick's Third and only remaining counterclaim is contingent on her recovery under Count III, dismissal pursuant to Fed.R.Civ.P. 41(a)(2) is appropriate. Dick opposes PR's motion to dismiss, arguing that even if Count III of the PR's complaint is voluntarily dismissed, the issue raised by his counterclaim as to whether he was or was not a partner in the Bar H Ranch cattle operation after July 1981 remains unresolved and must be decided at trial. I disagree.

Fed.R.Civ.P. 41(a)(2) states, in pertinent part, that:

[A]n action shall not be· dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a

dismissal under this paragraph is without prejudice.

The purpose of Rule 41(a)(2) "is primarily to prevent voluntary dismissals which unfairly affect the other side and to permit the imposition of curative conditions." *Gilbreth Intern. Corp. v. Lionel Leisure, Inc.*, 587 F.Supp. 605, 614 (E.D.Pa.1983), citing *Alamance Industries, Inc. v. Filene's*, 291 F.2d 142, 146 (1st Cir.), *cert. denied*, 368 U.S. 831, 82 S.Ct. 53, 7 L.Ed.2d 33 (1961). Under the Rule, the court has authority to require "such terms and conditions as [it] deems proper". Thus, a Rule 41(a)(2) motion is addressed to the sound discretion of the district court. *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir.1980).

The rule also specifies that where defendant has plead a counterclaim prior to plaintiff's motion to dismiss, "the action shall not be dismissed against the defendant's objection *unless the counterclaim can remain pending for independent adjudication by the court.*" Fed.R.Civ.P. 41(a)(2). (Emphasis added). However, an objection premised upon an improper counterclaim cannot prevent dismissal under Rule 41(a)(2) because the counterclaim is not entitled to independent adjudication. *Sams v. Beech Aircraft Corp.*, 625 F.2d at 277; *See* 9 Wright & Miller, *Federal Practice and Procedure: Civil 2365*, p. 175; Cf *Gilbreth Intern. Corp. v. Lionel Leisure, Inc.*, *supra.*

Here, I conclude that both Count III and Dick's counterclaim should be dismissed on the condition that I find that Dick was not a partner in the Bar H cattle operation after July 1981. Dick's sworn deposition testimony and answer to PR's Count III are judicial admissions that he was not a partner in the Bar H Ranch cattle operation after July 1981. Therefore, Dick's counterclaim is merely contingent and not entitled to independent adjudication. *See e.g., Sams v. Beech Aircraft Corp., supra.* Accordingly,

IT IS ORDERED that PR's motion to dismiss Count III of the complaint and Dick's counterclaim is GRANTED WITH PREJUDICE on the condition that the

Court finds that Dick was not a partner in the Bar H Ranch cattle operation after July 1981 and upon the terms that each party bear its own costs pertaining to this matter.

It is FURTHER ORDERED that PR has up to and including Monday, August 27, 1990 to accept the Court's conditional order.