### 41102. HODGES v. SOUTH GEORGIA NATURAL GAS COMPANY.

RUSSELL, Judge. ■ The condemnor filed its petition on May 4, 1964, in the Superior Court of Sumter County. Assessors were appointed and their award, dated May 7, 1964, was filed in the office of the superior court on May 9. In the meantime, on May 8, the condemnor filed its appeal to a jury, after the award was signed but before it was filed. The condemnee moved to dismiss, and the denial of this motion is assigned as error.

■ The duty of the assessors after determining just and adequate compensation to the landowner is to file the award for record in the clerk's office within 10 days after it is made. *Code* § 36-508. Any party dissatisfied may "within 10 days from the time the award is filed" appeal in writing to a jury in the superior court. *Code* § 36-601. This procedure is not a *suit* within the legal meaning of the term. *State Hwy. Dept. v. Noble*, 220 Ga. 410 (139 SE2d 318). In the same way, the award of the assessors, standing alone, is not the judgment of a court, since the judgment is entered up by the court based on the award, but it is in fact "a judgment rendered by a tribunal which is competent to fix the rights and liabilities of the parties to the proceedings with reference to the matters and things involved." *Thomas v. Central of Ga. R. Co.*, 169 Ga. 269, 271 (149 SE 884). It can be amended only by permission of the court. *Ga. Granite R. Co. v. Venable*, 129 Ga. 341 (58 SE 864). The whole proceeding is therefore analogous to, but not controlled by, the statutory rules governing appeals from suits *qua* suits. We are called on to decide whether the fact that the appeal was filed a day before the award itself was filed invalidates it under the language of the statute which allows appeals to be filed "within 10 days from the time the award is filed." It is the

award which operates to fix the right of the parties, and the judgment entered thereon which gives it a vehicle for enforcement. Here the undue diligence of counsel caused the operator to arrive before the vehicle; nevertheless, it cannot be said that during the ten-day period given for appeal there was not pending in the court both the judgment stating the rights of the parties and the appeal suspending that judgment. No reason suggests itself why the fact that one was filed before the other in any way disarranges the orderly processes of law, unless it be merely that the word "from" in the statute be construed to mean "after," in which case it would also have to be said that the premature appeal could not be thereafter validated by the filing of the award. No rational purpose can be served by a slavish devotion to grammar which has the effect of reaching a conclusion obviously not intended, and a reading of *Code* § 36-601 evidences an intention on the part of the legislature to concern itself with a time *after which* an appeal may not be filed, with no regard to the time when filing is premature, except that of course the award of the assessors must be in existence, and the rights of the parties fixed, in order that there may be something to appeal from. The filing itself is not essential to the validity but only to the enforceability of the award.

Other jurisdictions have treated similar language with equal liberality in order to promote the ends of justice. A clause in a will providing for the contingency that the legatee perform an act "within three months after my death" was held complied with although the act was performed before the death. Hartshorne v. Central Union Trust Co. of N. Y., 103 N. J. Eq. 111 (142 A 352). A statute providing that sureties would be liable if the materialman "shall within 30 days from the time such work is completed" file his claim was held complied with although the claim was filed before the work was completed. French v. Powell, 135 Cal. 636 (68 P 92). A provision of the Bankruptcy Act requiring a lien claimant to file "within 30 days after the order avoiding the lien" allowed a claimant to file prior to such order. In Re Keller, 120 FSupp. 274. In Bradford Builders, Inc. v. Phillips Petroleum Co., (Fla.) 154 S2d 189, the word "within" was specifically held to mean "not later than," rather than "not before."

Where the appeal to a jury was filed in the superior court after the award of the assessors was signed, the fact that the latter

182

was not filed in the clerk's office until the following day was not ground for dismissal.

*Judgment affirmed.* *Felton, C. J., and Jordan, J., concur.*

DECIDED FEBRUARY 10, 1965.

*Smith & Undercofler, William E. Smith,* for plaintiff in error. *Wingate Dykes, Bloch, Hall, Groover & Hawkins, Charles J. Bloch,* contra.