## 54628. KENERLY v. YANCEY.

Smith, Judge.
Yancey contracted to sell a real estate parcel to King. Kenerly, a real estate broker and third party to this

contract, was to receive a commission equal to ten per cent. of the sale price. The sale was never consummated and Kenerly brought this action to recover his commission from Yancey. Yancey moved for summary judgment, contending certain vague portions of the contract rendered the contract unenforceable. The summary judgment was granted. Kenerly appeals, and we affirm.

1. The motion to dismiss the appeal is denied. On June 30, 1977, Kenerly filed a notice of appeal "from the granting of a Summary Judgment, having been ordered on June 13, 1977." The record reveals only one summary judgment order in this case; it was dated June 30, 1977, and filed July 1, 1977. Technically, the appeal was not filed "within thirty days after the entry of the appealable decision or judgment complained of" (Ga. L. 1965, pp. 18, 21, as amended; Code Ann. § 6-803 (a)), but was entered one day before entry of the order. Not long ago, this prematurity would have forced us to dismiss the appeal. See, e.g., *Gibson v. Hodges,* 221 Ga. 779 (147 SE2d 329) (1966), cited in support of the motion to dismiss. But the modern trend is toward relaxation of hypertechnical constructions which prevent appellate courts from reaching the merits of an appeal when notice came too early rather than too late. Thus, in *Gillen v. Bostick,* 234 Ga. 308 (215 SE2d 676) (1975), our Supreme Court overruled *Gibson,* supra, and similar cases. The rule now is that if the notice is sufficient to advise the opposing party that an appeal is being taken from a specific judgment, and if no prejudice will result to the appellee in allowing the appeal, then the appeal should not be dismissed merely because the notice was premature. In this case, there can be no mistake as to what judgment was being appealed, and it is inconceivable that any prejudice was caused the appellee when the notice was filed one day too early, so the appeal should not be, and is not, dismissed.

2. The first claimed ambiguity in the contract is special stipulation 9, which reads: "This contract is made contingent on the purchaser being able to purchase 22 acres adjoining said property described in this contract (175 acres) and fronting on Burns and Pleasant Hill

Roads." The same rule requiring definiteness of description in a deed is applicable to a contract for the purchase of land. *Blumberg v. Nathan,* 190 Ga. 64 (8 SE2d 374) (1940). And a deed is impermissibly vague unless the descriptive averments contained therein are certain, or if they afford a key by which the land conveyed thereby can be definitely located by the aid of extrinsic evidence. *Deaton v. Swanson,* 196 Ga. 833, 835 (28 SE2d 126) (1943). Applying this test, we find the description of the 22 acres to be uncertain, and the description does not, as Kenerly contends, provide a "key" which opens the door to extrinsic evidence which will provide a definite description. For the term "key," as used in this context, means "any descriptive words in a contract for the sale of land, which will lead unerringly to the land in question." (Emphasis supplied.) *Blumberg,* supra, p. 66. The description in stipulation 9 will not lead unerringly to a particular tract of land, since there is no clue to the exact location or to the shape of the 22-acre tract. Contrast the sufficiently descriptive "key" words reviewed in *Blumberg,* supra.

The contingency upon which this entire contract rested, then, was unenforceably vague. Under the language establishing the broker's right to a commission, the broker has earned no commission if the sales contract is unenforceable. *Morgan v. Hemphill,* 98 Ga. App. 732 (106 SE2d 865)(1958). (Broker's commission clause same as that in instant case). The trial court thus was correct in granting summary judgment in Yancey's behalf.

3. Our discussion in Division 2 is dispositive of the appeal, so we need make no finding as to whether the other allegedly ambiguous provision rendered the contract unenforceable.

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

Argued October 3, 1977 — Decided November 18, 1977 — Rehearing denied December 7, 1977 —

*Arthur P. Tranakos, Barry L. Zipperman,* for

appellant.
*Webb, Fowler & Tanner, J. L. Edmondson,* for appellee.