## 66486. HEARD, LEVERETTE & ADAMS, P. C. v. STONE.

BANKE, Judge.

The plaintiff law firm sued to recover a fee allegedly owed to it by the defendant, undertaking to represent itself at trial. Although attorney John Jenkins of the firm examined and cross-examined all the witnesses during the trial, attorney Robert Heard, a senior member of the firm, was also present at the counsel table throughout

the proceedings. As closing arguments were about to begin, and it became apparent that Mr. Heard intended to participate, defense counsel objected, and the court ruled that Mr. Heard could not argue. In this appeal, which follows a jury verdict for the defendant, the plaintiff contends that the verdict was contrary to the evidence and that the court erred in its ruling concerning argument of counsel. *Held:*

In procedural matters concerning the conduct of the trial, the trial court has broad discretion; however we are persuaded that the trial court abused its discretion in this instance. OCGA § 9-10-182 (Code Ann. § 81-1004) provides that "[n]ot more than two counsel for each side shall be permitted to argue any case, except by express leave of the court . . ." It follows, by implication, that where the number is two or less, express leave of court is not required. It is not uncommon for the less experienced counsel to examine witnesses during the trial of a case and for the more experienced firm member to use his or her powers of persuasion on the jury in closing argument. In this case, the evidence would have supported a verdict for either party. Recognizing, as this court often has, the value of closing argument, we cannot conclude that the error was harmless.

*Judgment reversed. Deen, P. J., and Carley, J., concur.*

DECIDED JUNE 23, 1983.

*John Stephen Jenkins, Robert M. Heard,* for appellant. *John F. Lyndon,* for appellee.