70741. EDWARDS v. THE STATE.
(337 SE2d 27)

SOGNIER, Judge.

Appellant was convicted of aggravated assault and appeals. In his sole enumeration of error he contends the trial court erred by admitting into evidence a written agreement between the State and Rubin Samuels, a witness in this case. Appellant contends the agreement contained exculpatory information and should have been provided to him pursuant to his *Brady* motion (*Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215)). In order to properly understand appellant's enumeration of error, it is necessary to set forth certain background information leading to the agreement in question.

Rubin Samuels was a passenger in a van from which a shot was

fired resulting in the death of one Judy Miller. The State entered into an agreement with Samuels not to prosecute him for murder in exchange for his testimony at any proceeding involving the incident resulting in Miller's death. Appellant's brother and uncle were two of three persons charged with the murder of Miller, and Samuels testified for the State at their murder trial, which resulted in a mistrial. Before a new trial was held, appellant and Samuels were in a nightclub and appellant threatened to kill Samuels for causing appellant's brother and uncle to be locked up. Samuels started to leave and appellant stabbed him in the back, resulting in the aggravated assault and influencing a witness charges on which appellant was tried in the instant case.

At appellant's trial the prosecution introduced into evidence, over objection, the immunity from prosecution agreement entered into with Samuels in relation to the death of Judy Miller. Appellant contends it was error to admit the agreement into evidence because it contained exculpatory information and was not given to appellant pursuant to his *Brady* motion. This contention is not supported by the agreement, which provides, in pertinent part: "The District Attorney . . . hereby enters into an agreement with Ruben (sic) Samuels . . . in which the District Attorney agrees to forgo (sic) any present or future prosecution of said Ruben (sic) Samuels *for any criminal offense connected with the incident which resulted in the death of Judy Miller . . .* In return for exemption from prosecution, Ruben (sic) Samuels shall remain available to give testimony on behalf of the State of Georgia at any and all grand jury proceedings, hearings on motions, trials, or any other proceedings connected with criminal prosecutions *arising out of the described incident. . . .*" (Emphasis supplied.)

It is clear from the agreement that it contained no exculpatory information relating to appellant's case. In any event, the agreement was introduced by the State. If after a *Brady* motion exculpatory information is withheld from the defendant prior to trial, but is later introduced at trial by the State the defendant has not shown how his defense was prejudiced, and accordingly, how he has been denied a fair trial. *Chambers v. State,* 250 Ga. 856, 860 (2) (302 SE2d 86) (1983). Although appellant also argues that the agreement granted immunity to Samuels from prosecution for *any* criminal offense, the agreement relates only to immunity from prosecution for any offense arising from the incident resulting in the death of Judy Miller. The incident giving rise to the offenses charged against appellant had nothing to do with the incident resulting in Miller's death, and occurred several months after that incident. Hence, these arguments are without merit.

Although appellant admits that the agreement was relevant to

the charge of influencing a witness, of which he was acquitted on a motion for a directed verdict of acquittal, he argues that admission of the document violated his right to due process of law and improperly placed his character in issue. Since neither of these issues were raised at trial nor made the basis of his objection to admissibility of the agreement, we will not consider them for the first time on appeal. *Bowen v. State*, 173 Ga. App. 361, 362 (4) (326 SE2d 525) (1985). Even assuming, for the purpose of argument only, that it was error to admit the agreement into evidence, the burden is on a party claiming error not only to show error, but error which injured him, and unless the error results in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right, an appellate court will not reverse. *Anderson v. State*, 165 Ga. App. 885, 887 (3) (303 SE2d 57) (1983). Since appellant was acquitted of the charge to which the agreement was relevant, no harm could result from any error in admitting the document into evidence.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED OCTOBER 8, 1985.

*Willyerd R. Collier*, for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney*, for appellee.