## 70956. WELLS v. THE STATE.
### (339 SE2d 392)

DEEN, Presiding Judge.

William Arlen Wells appeals from his convictions of attempt to commit rape and attempt to commit aggravated sodomy.

1. In his first two enumerations of error appellant contends that the prosecution suppressed exculpatory material after he filed a timely *Brady* motion to compel production of such materials prior to trial and that the trial court erred in ruling that the statement of the prosecuting witness did not contain exculpatory material because she identified a person other than appellant as her attacker.

The evidence showed that the prosecutrix was walking to work when she was accosted by a young man riding a bicycle who forced her into a nearby wooded area and attempted to rape and sodomize her. The attempt was unsuccessful because of her resistance and the appearance of a witness who came to her aid after hearing her cries for help.

At a hearing on appellant's *Brady* motion the District Attorney informed the court that nothing exculpatory was contained in his file. At appellant's request, the court conducted an in-camera inspection of the file, ordered the prosecution to give him the statements of two witnesses who claimed to have talked to the defendant on the telephone at about the time the incident occurred, and denied his request for a copy of the victim's statement. At trial he renewed his request

for a copy of the victim's statement after apparent inconsistencies in her testimony about the description of her attacker's bicycle. The court reviewed the victim's statement, read the last two pages of the statement into the record outside the presence of the jury, and provided counsel with a copy of these pages.

After the lunch recess, counsel was permitted further re-cross-examination about that portion of her statement. She was also asked if she had picked out the person who attacked her from her sister's school yearbook. She replied that she picked out someone she thought resembled her attacker, but that she never once said it was he. In the statement, she said that she looked at the yearbook and picked out a picture of a certain young man, but that her sister told her that the person she selected wore his hair differently now and was heavier. There was no evidence that she ever identified this young man to the police as her attacker. She did, however, positively identify appellant from a lineup of photographs and made a positive in-court identification. The portion of her statement referring to her identification from the yearbook is not exculpatory, as the young man in question was never identified as her attacker to the police or anyone else. This prior statement is also not contradictory to her in-court testimony, as in *Burney v. State,* 252 Ga. 25 (310 SE2d 899) (1984). Appellant has not shown that any exculpatory statement was suppressed, and has not met his burden of proof on appeal of showing both the materiality and the favorable nature of the evidence sought. Mere speculation that the items appellant wishes to review might contain exculpatory information does not meet this burden. *Williams v. State,* 251 Ga. 749 (312 SE2d 40) (1983). Moreover, after receiving the last two pages of the victim's statement shortly before the noon recess, counsel did not indicate he was dissatisfied with the court's ruling. Failure to raise an objection in the court below does not preserve this issue for appellate review. *Robinson v. State,* 173 Ga. App. 260 (325 SE2d 882) (1985).

2. In his final enumeration of error, appellant contends that the trial court erred in not allowing a second attorney to participate in the trial.

The transcript shows that Jerry Phillips was appointed to represent appellant. At the beginning of trial, Mr. Phillips asked the court to allow Bob Monk to assist him during the trial. The court had no objection to Mr. Monk's assisting Mr. Phillips in the courtroom, but would not allow him to participate actively in the trial by questioning witnesses and making objections. As the court noted that another attorney had been present to assist Mr. Phillips during jury selection, counsel on appeal is really contending that the court should have allowed a third attorney to participate in the trial.

OCGA § 17-8-70 provides that "[n]ot more than two counsel shall

be permitted to argue any case for each side, except by express leave of the court." As Mr. Monk would be a third attorney assisting in the case, there is no evidence that the trial court abused its discretion. See *Heard, Leverette & Adams v. Stone*, 167 Ga. App. 113 (306 SE2d 72) (1983). Assuming *arguendo* that the trial court did err in refusing to allow Mr. Monk to participate actively in the trial of the case, appellant has not shown how he was harmed by the court's ruling. For error to be reversible, it must be harmful. *Thompson v. Crouch Contracting Co.*, 164 Ga. App. 532 (297 SE2d 524) (1982).

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED JANUARY 6, 1986.

*Rudolph G. Phillips, Jr.*, for appellant.
*Thomas C. Lawler III, District Attorney, Phil Wiley, Assistant District Attorney*, for appellee.