74871, 74987. JIM WALTER HOMES, INC. v. STRICKLAND
et al.; and vice versa.
(363 SE2d 834)

BEASLEY, Judge.

*Case No. 74987*

The Stricklands appeal from the trial court's denial of their motion to dismiss the appeal.

Mr. and Mrs. Strickland sued to restrain and enjoin foreclosure by Jim Walter Homes (Homes) for their alleged failure to make payments on a promissory note and obligation under a construction agreement, on the ground that there had been a total failure of consideration and breach of the contract by Jim Walter Homes. They also sought cancellation of the note and security agreement, asserted

a defamation claim as to the foreclosure advertisement, and prayed for breach of contract damages. On October 30, 1986 a jury verdict was rendered in favor of the Stricklands for contractual and libel damages, and judgment on the verdict was entered on November 12. On December 9 Homes filed a motion for judgment notwithstanding the verdict or alternatively for new trial. A hearing was held on February 5, 1987, and the court orally announced its denial of the motion. On February 10 at 3:13 p.m., Homes filed a notice of appeal "from the Judgment of this Court rendered in this action on the 30th day of October, 1986." At 3:21 p.m. the same day a written order denying Homes' motion for judgment n.o.v. or new trial was entered. Because of a misunderstanding between co-counsel for Homes, no costs were paid and accordingly no record was transmitted to this Court.

On March 30 the Stricklands moved to dismiss the appeal for failure to pay costs and because the appeal was not timely filed and in addition was not from the final judgment. Costs were paid on April 2, and Homes amended its notice of appeal on April 7 to reflect that the appeal was "from the judgment of this Court dated November 11, 1986, and the order dated February 10, 1987" denying its motion for new trial or judgment n.o.v. The trial court entered an order denying the motion to dismiss on April 20, finding that the delay in paying the costs was not unreasonable and was excusable, basing the exercise of its discretion on OCGA § 5-6-48 (c) and *ITT Terryphone Corp. v. Modem Plus, Inc.*, 171 Ga. App. 710 (1) (320 SE2d 784) (1984). The court next considered the timeliness of the appeal and concluded that "[w]here the Notice is filed too early, rather than too late, and there can be no mistake as to what judgment is being appealed from, the appeal should not be dismissed." Here it relied on *Kenerly v. Yancey*, 144 Ga. App. 295 (1) (241 SE2d 28) (1977). Finally, it ruled: "Because the appeal was timely filed as found above, the appeal can be amended to properly designate the order being appealed," citing *Blackwell v. Cantrell*, 169 Ga. App. 795 (1) (315 SE2d 29) (1984).

We cannot say that the delay in paying the costs appreciably lengthened the litigation or prejudiced the opponents, and thus we discern no abuse of discretion in the trial court's conclusion to the contrary. *Compher v. Ga. Waste Systems*, 155 Ga. App. 819 (1) (273 SE2d 200) (1980).

The Appellate Practice Act encourages liberal construction of the rules of procedure so as to bring about a decision on the merits and avoid dismissal. See *Steele v. Cincinnati Ins. Co.*, 252 Ga. 58 (311 SE2d 470) (1984). Thus, although counsel's errors in filing the notice of appeal unnecessarily created legal issues, they are not fatal in the circumstances of this case. Since the trial court's denial of Homes' motion for judgment n.o.v. or for new trial was entered the same day Homes filed its notice of appeal, the appeal was timely. *Bank of*

*Tenn. v. Rochester*, 165 Ga. App. 1 (1) (299 SE2d 109) (1983). Even prior to its amendment, it was arguably apparent from the notice of appeal what judgment was intended to be appealed so as to satisfy the requirements of OCGA § 5-6-37, and the defects were cured by the subsequent amendment. OCGA § 5-6-48 (d); *Blackwell v. Cantrell*, supra. The Stricklands have neither alleged nor shown that prejudice will result from allowing the appeal. Therefore, the court was authorized to deny their motion to dismiss. *Kenerly v. Yancey*, supra. Compare *Gwinnett County v. Grant*, 181 Ga. App. 304 (352 SE2d 391) (1986).

*Case No. 74871*

Homes appeals the denial of its motion for directed verdict, judgment n.o.v. and new trial in three enumerations, which deal with two issues. As to the libel claim, Homes contends that the foreclosure notice was true and further that the Stricklands failed to prove all elements of libel, thereby entitling it to judgment as a matter of law. OCGA §§ 51-5-2 & 51-5-6. It also alleges error in the failure to grant these motions due to failure of proof as to the contractual damages.

The Stricklands entered into a contract with Jim Walter Homes, Inc., in May 1984, pursuant to which they agreed to execute a note and deed to secure debt in return for which Homes was to build a home for them on property owned by them, pursuant to certain plans and specifications. The building permit, obtained by a Homes representative, reflected that the house was to be built in a flood prone area, with a requirement that the floor elevation be 14 feet above mean sea level. The house, which was substantially completed in July 1984, was only 11.8 feet above mean sea level, resulting in the county's refusal to issue a certificate of occupancy.

The note, signed by the Stricklands contemporaneously with the building contract and deed to secure debt, provided that the first installment was due on September 5, 1984. The Stricklands did not make any payments as required by the note for over a year while attempting to resolve the problem of the house's elevation with Homes. The deed to secure debt provided that, upon failure to pay the note when due, Homes could, upon giving notice of same by advertisement for four weeks, sell the property.

The parties tried to resolve the dispute. Homes offered to raise the house to the required level and agreed to correct any problems caused by the raising but refused to give an additional written warranty. The Stricklands demanded that the house be raised and they be given a $25,000 reduction in the original $41,055 purchase price.

In this context, in November 1985, Homes published the following notice in the Brunswick newspaper: "[b]ecause of default in the

payment of the indebtedness secured by a Deed to Secure Debt and Note executed by [the Stricklands] to Jim Walter Homes, Inc. . . . the undersigned pursuant to said deed to secure debt and note thereby secured, has declared the entire amount . . . due and payable, and pursuant to the power of sale in said deed . . . will be [sic] on the first Tuesday in December, 1985, . . . sell at public outcry to the highest bidder . . . [the property]. . . ."

1. As to the libel claim, Homes moved for directed verdict, judgment n.o.v., and new trial on the ground that plaintiffs had not proved that the statement in the foreclosure notice that there had been a default in the payment of the indebtedness was false, one of the required elements of libel. OCGA § 51-5-2. A defense to libel is the truth of the statement made. OCGA § 51-5-6. Plaintiffs acknowledged that there had been no payments made for over a year but claimed that they were legally justified in not making payments, apparently relying on the principles of partial or total failure of consideration. OCGA §§ 13-5-8; 13-5-9.

Thus, in effect, what was being asserted by the Stricklands was that, while they had not made any payments and thus were technically in default, they had a legal defense to any claim by Jim Walter for payment. This is actually a contention that the notice did not tell the "whole truth" rather than that it was false.

Appellees have "cited no case and we are unfamiliar with any which provide that the failure to make a written statement has been upheld as the basis for a libel action. In fact, the only authority dealing with an omission, . . . is to the effect that an omission of information from a statement admittedly published will not support an action for libel. *Ajouelo v. Auto-Soler*, 61 Ga. App. 216, 222 (6 SE2d 415) (1939)." *Comer v. Nat. Bank of Ga.*, 184 Ga. App. 867 (363 SE2d 153) (1987).

There being no conflict in the evidence concerning the failure to make payments and that being all that was stated in the notice, a verdict and judgment in favor of Homes was demanded as to the libel count, and the trial court must so provide. OCGA § 9-11-50 (a) & (b); see *Comer v. Nat. Bank of Ga.*, supra; *Morris v. Bonner*, 183 Ga. App. 499, 501 (2) (359 SE2d 244) (1987).

2. As to Homes' enumeration 1 (c), which claims error in the court's failure to grant its motion for directed verdict, judgment n.o.v., and new trial on the ground that plaintiffs failed to prove their contract damages, the record shows that the only motion made concerning the contract damages was the motion for new trial made on the general grounds, and this is all we will review. See *Wehunt v. ITT Business Communications Corp.*, 183 Ga. App. 560 (1) (359 SE2d 383) (1987); *Terrell v. Hester*, 182 Ga. App. 160 (1) (355 SE2d 97) (1987).

"The grant or denial of a motion for new trial . . . is a matter within the sound discretion of the trial court and will not be disturbed . . . if there is 'any evidence' to authorize it." *Associated Software &c. v. Wysocki*, 177 Ga. App. 135, 137 (338 SE2d 679) (1985); *Commercial Artservices v. Buchtal Corp.*, 180 Ga. App. 305, 306 (348 SE2d 768) (1986); *Glenridge Unit Owners Assn. v. Felton*, 183 Ga. App. 858 (360 SE2d 418) (1987).

As instructed by the trial court, "the acceptable method of computing damages where an express contract is alleged to have been breached by a building contractor is the difference in the fair market value of the home as completed and the value of the home as it would have been had it been completed in accordance with the contract." *Hortman v. Cantrell*, 173 Ga. App. 429, 430 (1) (326 SE2d 779) (1985).

The only evidence presented by the plaintiffs in this regard consisted of their own testimony. Mr. Strickland, who worked in the construction industry as a painter, testified regarding the value of the house as it would have been had it been properly constructed. There is no evidence, however, of the second point in the measuring standard, i.e., the value of the house as actually constructed. Mrs. Strickland testified that she had no knowledge of its present value, and Mr. Strickland was never asked any question concerning this.

Thus, there was no way that the jury could establish the proper measure of damages with any degree of certainty and the judgment must be reversed as to the contract claim. *Hospital Auth. of Charlton County v. Bryant*, 157 Ga. App. 330, 331 (2) (277 SE2d 322) (1981); see *Smith v. Millen Properties*, 179 Ga. App. 165 (345 SE2d 625) (1986).

*Judgment affirmed in Case No. 74987. Judgment reversed with direction in Case No. 74871. McMurray, P. J., and Sognier, J., concur.*

DECIDED DECEMBER 2, 1987 —
REHEARING DENIED DECEMBER 15, 1987 — 

*Ivan H. Nathan, Joseph E. East, Terry A. Dillard*, for appellant.
*Robert P. Killian*, for appellees.