A92A0477. POLLEY v. THE STATE.
(418 SE2d 107)

McMURRAY, Presiding Judge.

Defendant filed this appeal after his conviction for voluntary manslaughter. *Held*:

1. Defendant contends the trial court abused its discretion in failing to respond to the jury's request for a recharge of the entire jury instruction.

During deliberations, the jury requested recharges on murder and voluntary manslaughter. With the consent of counsel, the trial court prepared written instructions on these topics and submitted them to the jury. The trial court then cautioned the jury " 'to recall all other jury instructions previously given by the Court in addition to the

foregoing request for statutory definitions [and to]' recall all the other instructions concerning the burden of proof, various theories presented in the case, such as accident and self-defense and other matters." The jury foreman responded that the trial court's written instructions were satisfactory. The following then transpired: "MR. FOREMAN: . . . I think that several members of our jury may want to rehear the charges that you gave us earlier. I think that would be appropriate first thing in the morning. THE COURT: I would not necessarily want to restate all the charges to you necessarily at this point, Mr. Foreman and other jury members. I might be able to respond to specifics, such as the one you've given me. Do you know whether or not that request will continue in the morning or not? THE FOREMAN: I think we will need to discuss that in the morning. THE COURT: All right. I do have the statutory definitions for you that you specifically requested — the topics, the two topics. I understand that everyone would like to go home and that's what we're going to do. Is that the consensus, Mr. Foreman? MR. FOREMAN: Yes, sir." The next morning the jury did not request further instructions.

The burden is on a party claiming error to show it by the record. *Edwards v. State*, 176 Ga. App. 369, 371 (337 SE2d 27). In the case sub judice, the jury did not return with a request for further instructions. Consequently, defendant's contention that the trial court abused its discretion in failing to respond to the jury's request for a recharge of the entire jury instruction is not supported by the record. It follows that this enumeration presents nothing for review.

2. In his second enumeration, defendant contends the trial court's charge on accident was deficient because it failed to instruct the jury that the State had the burden of proving, beyond a reasonable doubt, that no accident existed. This enumeration is without merit.

The trial court fully and fairly charged the jury on the law of accident. OGCA § 16-2-2. Further, the trial court repeatedly charged the jury on the presumption of innocence and the State's burden of proving every element of the offense charged beyond a reasonable doubt. *Hudson v. State*, 171 Ga. App. 181, 183 (3, b) (319 SE2d 28).

3. Defendant challenges the trial court's statutory charge on voluntary manslaughter, arguing there is no evidentiary basis for that part of the instruction providing that "if there should have been an interval between the provocation and the killing sufficient for the voice of reason and humanity to be heard . . . the killing shall be attributed to deliberate revenge and be punished as for murder." See OCGA § 16-5-2.

Assuming, without deciding, there is no evidence to support the above instruction, no harm could have possibly resulted since the jury found defendant guilty of the lesser included offense of voluntary manslaughter, not murder. See *Butts v. State*, 198 Ga. App. 368, 370

(4) (401 SE2d 763).

4. Defendant contends in his last enumeration that the trial court erred in allowing the jury to proceed under the misconception that co-indictee Larry Michael Vaughn was a co-conspirator who had been granted testimonial immunity. This enumeration is without merit.

Defendant fails to explain how any misconception that defendant's co-indictee had been given testimonial immunity was harmful. Harm as well as error must be shown to warrant reversal. *Robinson v. State*, 229 Ga. 14 (1), 15 (189 SE2d 53). Further, defendant fails to cite any portion of the record supporting this contention. The burden is on a party claiming error to show it by the record. *Edwards v. State*, 176 Ga. App. 369, 371, supra. However, in an abundance of caution we examined the entire charge to the jury and find that the jury was fully and fairly informed that the testimony of an accomplice alone is insufficient to warrant a conviction and that an accomplice's testimony must be substantiated by independent corroborating evidence.

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED APRIL 6, 1992.

*Ronnie K. Batchelor*, for appellant.
*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.