## A92A2121. MOORE v. THE STATE.
(429 SE2d 335)

ANDREWS, Judge.
Moore appeals his judgment and conviction entered on the jury's

verdict for the aggravated assault of his estranged wife. We affirm.

Moore was charged in one count with aggravated assault, in that "on the 20th day of September . . . 1990" he did "make an assault upon the person of Janice Moore, with a certain object which when used offensively against a person is likely to or actually does result in serious bodily injury, to wit: by holding a pistol to the head of Janice Moore, and forcing her to take a large quantity of drugs. . . ."

Viewed in favor of the verdict, the evidence was that defendant and Mrs. Moore had been married over 20 years and had experienced marital difficulty repeatedly in the past. She had removed herself and her children from their home shortly before this incident. Also, Mrs. Moore had filed for divorce about two weeks before this incident and a hearing was scheduled on the matter shortly after the incident.

Mrs. Moore said that defendant came to visit the children where she was staying on September 18. Before lunchtime, as she was preparing to take her prescribed antibiotic for a bladder infection, defendant pulled a gun, held it to her head, and forced her to take the entire contents of that medicine bottle, filled only the day before, and a second bladder infection medicine. As a result of that, Mrs. Moore became nauseated and very shaky. She also wrote a suicide note on that day, due to defendant's holding a gun on her.

Defendant stayed the night in her residence and the next morning took Mrs. Moore and the two children, Daniel aged 10, and Rose, who was younger, to the children's school. Mrs. Moore was in the front passenger's seat and when they drove up to the school, she jumped out and ran into the school while Daniel encouraged her to run. Daniel stated that he saw the gun handle in his father's pocket on that occasion, and that he had seen the gun two or three times before. Mrs. Moore was pursued into the school by defendant who chased her twice around the area adjacent to the principal's office before grabbing her by the shoulders and escorting her back outside to the car. The school music teacher witnessed the chase and said that defendant bodily picked her up and moved her out of the way to pursue Mrs. Moore. The maintenance man also saw the chase and attempted to help, but defendant pushed him aside and slammed a door in his face. The special education teacher also witnessed the chase and additionally received a phone call from defendant about 3:00 p.m. from the hospital. Defendant told her to keep the children there, their sister would pick them up. Further, he advised her that Mrs. Moore had taken a drug overdose before the kids were brought to school that morning and he was trying to get her to the doctor.

The two children remained at school where, after calming down, they went to their classes. About 2:00 p.m., the oldest daughter, aged 21, was called by defendant and told there was something wrong with her mother, she had passed out. The daughter drove to the restaurant

parking lot where defendant was parked, moved her mother into her car and took her to the hospital where she was admitted shortly after 3:00 p.m., her stomach was pumped, and other measures were taken. She had consumed approximately 37 Xanax pills. She was released 36 hours later. Defendant testified that, while they had driven around the county from 8:30 a.m. until 2:30 p.m., he did not see her consume any Xanax and did not know what was wrong with her when he called the daughter. He denied having the gun with him, denied having made her take the pills, denied having seen her take them, denied having pushed either the music teacher or the maintenance man, and denied the statement to the special education teacher.

During her hospital stay, while still semi-conscious, Mrs. Moore told hospital personnel to keep defendant away from her and to get the children from him. She also said defendant told her she could take the Xanax pills or a bullet and she knew he had a gun.

1. Because the indictment charged the assault occurred on September 20 and the evidence showed that the Xanax incident occurred on the 19th, as well as the uncharged incident on the 18th involving the antibiotics, defendant first enumerates that he "may have possibly been convicted of an aggravated assault not charged," and includes as his third enumeration that there was a fatal flaw between the allegata and probata. These will be considered together.

" 'In proving the time of the commission of an offense the State is not, as a general rule, restricted to proof of the date alleged in the indictment, but is permitted to prove its commission on any date within the statute of limitations.' [Cits.]" *Ledesma v. State*, 251 Ga. 885 (1a) (311 SE2d 427) (1984). The date here was not alleged as "material" so as to require its proof with specificity. Id. The evidence proved an assault as charged within the applicable statute of limitation.

The allegations of the indictment and the proof presented at trial do not violate the fatal variance rule pursuant to *DePalma v. State*, 225 Ga. 465, 469 (3) (169 SE2d 801) (1969). There was no error. *Partridge v. State*, 187 Ga. App. 325, 327 (3) (370 SE2d 173) (1988); see also OCGA § 16-1-7 (b).

2. Having reserved his objections to the jury charge, defendant here complains of the charge given on the elements of aggravated assault, OCGA § 16-5-21 (a).

The charge given was the language of OCGA § 16-5-21 (a) (1) and (2), which included assault with intent to murder, to rape, or to rob, in addition to the assault with a deadly weapon. A charge in the exact language of the statute shows no error. *Zilinmon v. State*, 234 Ga. 535, 538 (6) (216 SE2d 830) (1975); *Diaz v. State*, 194 Ga. App. 577, 578 (1) (391 SE2d 140) (1990). This is true even though a part of the charge may be inapplicable under the facts. "Examining the

charge in toto as we are required to do when determining whether charging error has occurred [cit.], we find that error did not occur." Id. at 578 (2). Here, the jury was read the language of the indictment along with the statute and no fair risk of prejudice to defendant exists, it being highly probable the verdict was not the product of a misleading instruction. Id.

3. The fourth enumeration is that defendant "may have possibly been convicted by a verdict that was less than unanimous." Pretermitting the issue of the lack of clarity of the enumeration, defendant has totally failed to show any such possibility by reference to the record before us. The enumeration presents nothing for our review. *Polley v. State*, 203 Ga. App. 825, 826 (1) (418 SE2d 107) (1992).

4. Finally, defendant contends that the court's failure to give his requested charge on reckless conduct as a lesser included offense was error.

Here, defendant contended that Mrs. Moore had voluntarily attempted to commit suicide by taking the Xanax, although he contended he did not see or have any knowledge of it until after she did it. A charge on reckless conduct under the evidence here would have been inappropriate. *Cooper v. State*, 256 Ga. 631 (3) (352 SE2d 382) (1987); *Riley v. State*, 181 Ga. App. 667, 669 (3) (353 SE2d 598) (1987).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED MARCH 17, 1993.

*Kenneth D. Kondritzer*, for appellant.
*Michael H. Crawford, District Attorney, E. Jay McCollum, Assistant District Attorney*, for appellee.