[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13476
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 21, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-03064-CV-CAP-1

ELLERY STEED,

Plaintiff-
Counter-Defendant
Appellant,

versus

EVERHOME MORTGAGE COMPANY,

Defendant-
Counter-Claimant
Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 21, 2009)

Before BIRCH, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Ellery Steed, proceeding pro se, appeals from several district court orders finally resolving Steed's claims of Fair Housing Act ("FHA") and Fair Credit

Reporting Act ("FCRA") violations, fraud, negligence, and defamation, in favor of EverHome Mortgage Company. Steed's complaint alleged, inter alia, that after purchasing his mortgage from Ohio Savings Bank ("OSB"), EverHome failed to inform Steed of the sale or how to make payments, charged him late payments, raised his hazard insurance premium, and ultimately sought to foreclose Steed's property, as part of a pattern and practice of discrimination by EverHome against low-income, African-American homeowners. Steed appeals: (1) the dismissal of his defamation claim against EverHome; (2) the grant of summary judgment against him as to his FHA and FCRA claims; (3) the severity of the sanctions imposed against EverHome for discovery abuses; and (4) the district court's interpretation of his security deed. After careful review, we affirm.

We review de novo a dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993). When ruling on a Rule 12(b)(6) motion to dismiss, we construe the pleadings broadly and "the allegations in the complaint are viewed in the light most favorable to the plaintiff." Watts v. Florida Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007).

We review a "district court's grant of summary judgment de novo, viewing the record and drawing all inferences in favor of the non-moving party." Fisher v.

2

State Mut. Ins. Co., 290 F.3d 1256, 1259-60 (11th Cir. 2002). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c) (2006). "There is no genuine issue for trial unless the non-moving party establishes, through the record presented to the court, that it is able to prove evidence sufficient for a jury to return a verdict in its favor." Cohen v. United American Bank of Cent. Fla., 83 F.3d 1347, 1349 (11th Cir. 1996).

We review the imposition of a discovery sanction under Rule 37 "for an abuse of discretion and a determination that the findings of the trial court are supported by the record." BankAtlantic v. Blythe Eastman Paine Webber, Inc., 12 F.3d 1045, 1048 (11th Cir. 1994) (quotations omitted). We review sanctions imposed pursuant to Rule 26(g) for abuse of discretion. Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1372 (11th Cir. 1997).

I.

First, we reject Steed's argument that the district court erroneously dismissed his defamation claim by ignoring the actual basis of Steed's claim -- that EverHome reported Steed's late mortgage payments to a credit reporting agency ("CRA"). Under Georgia law, libel is a false and malicious defamation of another

3

expressed in print or writing. O.C.G.A. § 51-5-1(a).[1] Where a foreclosure notice accurately states that a party has defaulted in the payment of indebtedness, there is no libel even if the party was legally justified in not making payments. Jim Walter Homes, Inc. v. Strickland, 363 S.E.2d 834, 836 (Ga. App. 1987).

As applied here, EverHome did not commit libel when it posted the foreclosure notice or when it reported the late payments to CRAs because Steed has not alleged that EverHome made any false statement. The district court therefore correctly dismissed Steed's libel claim under Rule 12(b)(6).

## II.

Next, we find no merit in Steed's claim that the district court improperly granted summary judgment against him on his FHA claim of "reverse redlining" and improperly refused to consider his supplemental brief and exhibits providing evidence to support his claim. The FHA provides that it shall be unlawful "for any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race. . . ." 42 U.S.C. § 3605(a). We use the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and Texas Dep't of

---

[1] As the district court recognized, although Steed labeled his claim "slander/defamation," his claim appears to be a libel claim because it does not relate to any oral statements.

4

<u>Cmty. Affairs v. Burdine</u>, 450 U.S. 248 (1981), to evaluate claims based on circumstantial evidence of discrimination under the FHA. <u>Sec'y, U.S. Dep't of Hous. & Urban Dev. v. Blackwell</u>, 908 F.2d 864, 870-71 (11th Cir. 1990).

While no circuit court has addressed the elements of an FHA claim of "reverse redlining," we agree with the approach taken by the district court in <u>Hargraves v. Capital City Mortgage Corp.</u>, 140 F. Supp. 2d 7 (D.D.C. 2000), which defined "reverse redlining" as "the practice of extending credit on unfair terms" because of the plaintiff's race and geographic area. <u>Id.</u> at 20 (quotations omitted). Using this definition, the <u>Hargraves</u> court required the plaintiff to prove reverse redlining by "show[ing] that the defendants' lending practices and loan terms were 'unfair' and 'predatory,' <u>and</u> that the defendants either intentionally targeted on the basis of race, or that there is a disparate impact on the basis of race." <u>Id.</u> (emphasis added). It also held that the plaintiff need not show that the defendant made loans on preferable terms to non-African-Americans. <u>Id.</u> It further explained that predatory lending practices include exorbitant interest rates, equity stripping, acquiring property through default, repeated foreclosures, and loan servicing procedures that involve excessive fees. <u>Id.</u> at 20-21. Finally, the court held that whether the practices alleged occurred, and whether the practices were unfair and predatory, is a jury question. <u>Id.</u> at 21.

5

Applying this analysis, the Hargraves court found that the plaintiffs there had provided evidence of disparate impact by showing statistical and other evidence that the defendant had "made a greater percentage of its loans in majority black census tracts than other subprime lenders, and made an even more disproportionately large number of loans in neighborhoods that are over 90 percent black." Id. While evidence of intent was not necessary to show discriminatory impact, the plaintiffs also provided evidence, inter alia, that the defendant had: (1) solicited brokers who operated predominately in the black community; (2) distributed flyers and advertisements in black communities; and (3) placed their offices in black communities. Id. Taken together, the court found a genuine dispute of fact as to whether the defendant acted on the basis of race. Id. at 22.

On the record here, however, Steed did not establish a prima facie case of reverse redlining. Regardless of whether Steed showed predatory and unfair lending practices, he provided no evidence of where EverHome advertised or that EverHome made an unusual number of loans in majority black areas or targeted those debtors for foreclosure in the way he alleged he was targeted. Id. at 20. Because he failed to show disparate impact or targeting, the district court did not err in granting summary judgment on his FHA claim. Id. at 21-22.[2]

---

[2] Moreover, the supplemental evidence offered by Steed would not have supported his claim even if the district court had considered it. The newspaper article Steed sought to introduce

III.

We also are unpersuaded that the district court erred in granting summary judgment on Steed's claim under the private damages section of the FCRA. The "FCRA provides a private right of action against businesses that use consumer reports but fail to comply" with its requirements. <u>Safeco Ins. Co. of America v. Burr</u>, 127 S.Ct. 2201, 2206 (2007). Although § 1681s-2(a) of the FCRA prohibits any person from furnishing information to a CRA that the person knows is inaccurate, and it also requires a furnisher to provide written notice to a customer whenever it first reports negative information to a CRA, the statute explicitly bars private suits for violations of this section. 15 U.S.C. § 1681s-2(a)(1)(A), (a)(7)(A)(i), (c)(1); 15 U.S.C. § 1681s(c)(1)(B) (allowing states to bring an action for violations).

---

discussed general lending practices and provided no information as to whether EverHome targeted borrowers on the basis of race or that its actions had a racially disparate impact. <u>See</u> <u>Hargraves</u>, 140 F. Supp. 2d at 20. Similarly, while the allegations against EverHome in the Mississippi complaint Steed sought to introduce could provide some circumstantial evidence of targeting African-Americans, it was hearsay because the existence of the complaint would not show targeting unless its allegations were taken as true, and, therefore, the district court could not have considered it. <u>See</u> <u>Pritchard v. Southern Co. Servs.</u>, 92 F.3d 1130, 1135 (11th Cir. 1996) ("Pritchard cannot use inadmissable hearsay to defeat summary judgment when that hearsay will not be reducible to admissible form at trial"); <u>see also</u> <u>Century '21' Shows v. Owens</u>, 400 F.2d 603, 610 (8th Cir. 1968) ("any statements made [in a pleading against the non-pleader] are clearly hearsay and without probative force"). In addition, Steed's reliance on Rule 804(b)(6) -- providing a hearsay exception where a party has procured the unavailability of the declarant as a witness -- is misplaced as the rule does not apply because EverHome did not make the declarants connected to the complaint unavailable. Fed. R. Evid. 804(b)(6).

Construing his complaint and appeal broadly, Steed's allegations -- that EverHome: (1) falsely reported negative information about him to a CRA and (2) did not provide him notice that it had reported negative information -- raise violations of § 1681s-2a, which does not allow for private suits. Moreover, Steed concedes on appeal that he never intended to raise a claim under § 1681s-2b, so he has abandoned any such claim to the extent he raised it below.[3] The district court therefore did not err in granting summary judgment on Steed's FCRA claim.

IV.

Next, we are unconvinced by Steed's claim that the district court abused its discretion in imposing inadequate sanctions against EverHome for lying in its discovery responses by merely (1) requiring EverHome to pay approximately $20 for the expenses Steed incurred as a result of the false response, and (2) establishing as true the fact about which EverHome lied. Specifically, Steed argues that default judgment against EverHome was the appropriate sanction for its conduct because EverHome committed fraud against the court.

Rule 37 allows a party to file a motion to compel discovery, and it considers evasive or incomplete disclosures as a failure to disclose when ruling on a motion

---

[3] "While we read briefs filed by pro se litigants liberally, issues not briefed on appeal by a pro se litigant are deemed abandoned." Timson v. Sampson, 518 F.3d 870, 874 (11th Cir.), cert. denied, 129 S.Ct. 74 (2008).

to compel. Fed. R. Civ. P. 37(a)(4). A court may impose sanctions where a party fails to provide answers, objections, or a written response to interrogatories or requests for production. Fed. R. Civ. P. 37(d)(1)(A)(ii). Sanctions may include: (1) the payment of reasonable expenses caused by the failure; (2) designating facts as established as the prevailing party claims; (3) prohibiting the disobedient party from opposing designated claims or introducing designated matters into evidence; (4) striking the pleadings in whole or in part; (5) staying the proceeding until the order is obeyed; (6) dismissing the action or proceeding in whole or in part; and (7) rendering a default judgment against the disobedient party. Fed. R. Civ. P. 37(d)(3).

"Dismissal with prejudice is the most severe Rule 37 sanction and is not favored . . . [b]ut [it] may be appropriate when a [party's] recalcitrance is due to wilfulness, bad faith or fault." Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993). "A court may impose lesser sanctions without a showing of willfulness or bad faith on the part of the disobedient party." BankAtlantic, 12 F.3d at 1049. Default judgment for violation of Rule 37, however, is only appropriate where there has been a violation of discovery orders, and it requires a court order or motion to compel. United States v. Certain Real Property Located at Route 1, Bryant, Ala., 126 F.3d 1314, 1317-18 (11th Cir. 1997) ("Real Property").

"Permissible purposes of a sanction include: (1) compensating the court and other parties for the added expense caused by the abusive conduct; (2) compelling discovery; (3) deterring others from engaging in similar conduct; and (4) penalizing the guilty party or attorney." Carlucci v. Piper Aircraft Corp., Inc., 775 F.2d 1440, 1453 (11th Cir. 1985).

Rule 26(g) requires an attorney to sign every discovery response asserting, inter alia, that the response is complete and correct and that any objection is consistent with the federal rules and law, is "not interposed for any improper purpose," and is not unreasonable. Fed. R. Civ. P. 26(g)(1)(A), (B). The court, sua sponte or on motion, must impose "an appropriate sanction" on the signer of an improper certification, "the party on whose behalf the signer was acting, or both." Fed. R. Civ. P. 26(g)(3). The sanction may include an order to pay reasonable expenses caused by the violation. Id. We have noted that boilerplate objections may border on a frivolous response to discovery requests. See Chudasama, 123 F.3d at 1358.

As an initial matter, while EverHome raised boilerplate objections to certain discovery requests, the district court did not abuse its discretion in declining to impose sanctions against EverHome on this ground. BankAtlantic, 12 F.3d at 1048. Steed could have filed a motion to compel that would have enabled the district

court to address the problems of which he complained. Instead, he waited and filed a motion for sanctions, contributing to the problem.

Sanctions for violation of Rule 37(d) and Rule 26(g), however, were appropriate because EverHome's discovery response regarding the timeliness of Steed's February payment was incorrect. While EverHome did not technically fail to respond, the district court properly determined that EverHome's "misrepresentation" was the equivalent of a failure to respond and a violation of Rule 37(d). Fed. R. Civ. P. 37(d)(1)(A)(ii), 37(a)(4). The district court then imposed two sanctions under Rule 37, which was not an abuse of discretion since the rule limits the type of sanctions allowed for a violation. Fed. R. Civ. P. 37(d)(1-3). Indeed, because Steed had withdrawn his motion to compel and EverHome had not violated a court discovery order, the district court could not have granted a default judgment Steed requested. Route 1, 126 F.3d at 1317-18.

We recognize that the district court could have imposed stronger sanctions under Rule 26(g), which unlike Rule 37, only limits a district court's authority by requiring an "appropriate" sanction. Fed. R. Civ. P. 26(g)(3). Looking to Rule 26's Committee Notes and cases involving Rule 37, discovery sanctions are intended to penalize the offending party and deter others from engaging in similar conduct. Advisory Comm. Note (1983) (discussing Rule 26(g)); Carlucci, 775

11

F.2d at 1453 (discussing Rule 37). Nonetheless, the district court determined on this record that more severe sanctions "to curb abuse of the judicial process" were not warranted, and this is a determination that is well within the district court's discretion. See Chudasama, 123 F.3d at 1372 ("The decision of what sanction is appropriate, however, is committed to the district court's discretion." (citing Fed.R.Civ.P. 26(g) advisory committee's note (1983 amend.) ("The nature of the sanction is a matter of judicial discretion to be exercised in light of the particular circumstances."))). Thus, even though we may have chosen differently, we cannot conclude that the district court abused its discretion in refusing to impose stronger sanctions. See In re Rasbury, 24 F.3d 159, 168 (11th Cir. 1994) ("under the abuse of discretion standard of review there will be occasions in which we affirm the district court even though we would have gone the other way had it been our call").

## V.

Finally, we reject Steed's argument that the district court erred in interpreting the security deed. Regarding this issue, Steed claims that he attempted to add to his complaint a separate Fair Debt Collection Practices Act ("FDCPA") claim that EverHome was unlawfully attempting to charge him legal fees and costs based on an erroneous interpretation of language in his security deed, but that the district court denied his motion to amend the complaint with this claim. Steed

12

asserts that if we do not address the matter, issue preclusion would bar him from raising it later if EverHome were to seek to recover attorneys' fees from him.

We have explained that:

> Collateral estoppel bars relitigation of a previously decided issue. . . . The following elements must be established before collateral estoppel applies: (1) the issue at stake must be identical to the one decided in the prior litigation; (2) the issue must have been actually litigated in the prior proceeding; (3) the prior determination of the issue must have been a critical and necessary part of the judgment in that earlier decision; and (4) the standard of proof in the prior action must have been at least as stringent as the standard of proof in the later case.

In re Southeast Banking Corp., 69 F.3d 1539, 1552 (11th Cir. 1995) (quotation and citations omitted).

Because the district court's interpretation of the security deed was merely an alternative basis for its denial of Steed's motion to amend his complaint to add a FDCPA claim, and because Steed does not challenge the first ground asserted by the district court -- that he untimely filed the motion to amend without providing good cause -- Steed has abandoned this argument. Timson, 518 F.3d at 874. But in any event, collateral estoppel would not apply to any future litigation over the interpretation of the security deed because Steed did not have a chance to fully litigate its validity nor was the court's ruling "critical and necessary part of the judgment."

**AFFIRMED.**

13